```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

UNITED STATES OF AMERICA        §
                                §
VS.                             §   CRIMINAL NO. 4:12-CR-051-Y
                                §
JOSE SANTANA MORENO-RESENDEZ (1) §
```

**ORDER ACCEPTING**
**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE,**
<u>**ADJUDGING DEFENDANT GUILTY, AND REJECTING PLEA AGREEMENT IN PART**</u>

After reviewing all relevant matters of record, including the Consent to Administration of Guilty Plea and Federal Rule of Criminal Procedure 11 Allocution by United States Magistrate Judge and the Report and Recommendation on Plea Before the United States Magistrate Judge, and no objections thereto having been filed within fourteen (14) days of service in accordance with 28 U.S.C. § 636(b)(1), the undersigned district judge concludes that the report and recommendation of the magistrate judge on the plea of guilty is correct, and it is hereby accepted by the Court. Accordingly, the Court accepts the plea of guilty, and defendant is hereby adjudged guilty.

The plea agreement between the parties (doc. 24), however, is REJECTED IN PART because, in it, (1) the defendant waives a full presentence investigation and report and (2) the parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of the case. The Court cannot fulfill its statutory and equitable duties without a full presentence report, especially considering that the parties have a specific sentence agreement that the Court must reject or

else be bound by it.  Such a procedure essentially transfers the Court's sentencing function to the parties and, more precisely, to the government.  The Court declines to participate in this arrangement.

Accordingly, the portion of the plea agreement waiving a presentence investigation and report is REJECTED and the United States Probation Office will prepare a presentence report pursuant to this Court's order of June 13, 2012 (doc. 28).  The Court's disposition of the remainder of the plea agreement, including especially the agreement for a specific sentence, will be announced at the sentencing hearing, if not before.

If the Court rejects the entire plea agreement and especially the agreement for a specific sentence, the Court will follow and apply Federal Rule of Criminal Procedure 11(c)(5).

If the defendant then withdraws his plea of guilty, the Court will promptly announce a trial date.

SIGNED July 2, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE